# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| RAYMUNDO MALDONADO, | § | |
| TDCJ No. 662281, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-09-CV-277-KC |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Raymundo Maldonado's *pro se* petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Therein, Maldonado challenges the "denial of timely parole eligibility review . . . and [his] prolonged incarceration."[1] He suggests Respondent infringed on his liberty interests and due process rights.[2] Additionally, he claims Respondent's denial of his "initial parole eligibility review as afforded others similarly situated violated the Equal Protection Clause."[3] After carefully examining the available record and for the reasons set forth herein, the Court will deny Maldonado's petition. Additionally, the Court will *sua sponte* deny Maldonado a certificate of appealability.

---

[1]     Pet. 6 [Docket No. 3].

[2]     *Id.* at 13-18.

[3]     *Id.* at 18.

## BACKGROUND

Maldonado is currently serving the first of two consecutive state sentences. A jury found Maldonado guilty of burglary of a habitation and assessed a fifty-year sentence on November 9, 1993. Another jury found him guilty of two counts of attempted capital murder and two counts of taking a firearm from a peace officer and assessed punishment at fifty and thirty years confinement for the former offenses and twenty-five years confinement for each of the latter offenses on November 18, 1993.[4]

Maldonado filed a state application for a writ of habeas corpus challenging what he claimed was the denial of a timely parole review of his first state sentence and alleging unequal treatment on March 10, 2009. The Texas Court of Criminal Appeals denied Maldonado's application without written order on April 15, 2009.[5]

Maldonado's instant petition is "based on the fact that he was not considered for parole after 5 yrs, but after serving 13 ½ yrs. Applicant's Legislative Right to be considered for parole as mandated by law has been infringed upon."[6] Maldonado claims the agency responsible for calculating his parole review dates, the Texas Department of Criminal Justice Parole Division, violated the state parole statute.[7] As a result, Maldonado explains, the Texas Board of Pardons and Paroles erroneously moved his initial parole eligibility review date from November 1996 to

---

[4] *See Maldonado v. State*, 902 S.W.2d 708 (Tex. App.-El Paso Jun 29, 1995) (providing background information and affirming the state district court's judgment).

[5] Pet. 3 [Docket No. 3]; *Ex parte Maldonado*, WR-64,359-03 (Tex. Crim. App. Apr. 15, 2009).

[6] Pet. 6 [Docket No. 3].

[7] *Id*. at 17.

March 2005.⁸ Additionally, after completing its initial review, the Board improperly set off its next review for two years.⁹ Maldonado also asserts he "was singled out of the parole process afforded others similarly situated under the same parole scheme and under the same offense."¹⁰ He argues statistical data and case law support his claim that he was denied equal treatment.¹¹

**LEGAL STANDARD**

The federal courts' role in reviewing state prisoner habeas corpus petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."¹² They must generally defer to state court decisions on the merits¹³ and on procedural grounds.¹⁴ According to § 2254(d), a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.¹⁵

---

⁸ *Id.* at 9-10.

⁹ *Id.* at 10.

¹⁰ *Id.* at 18.

¹¹ *Id.* at 23.

¹² *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

¹³ *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

¹⁴ *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

¹⁵ 28 U.S.C.A. § 2254(d) (West 2009).

"Contrary to" and "unreasonable application" have independent meanings.[16] Under the "contrary to" clause, a federal habeas court may grant relief if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts.[17] Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case.[18] Accordingly, a federal court will not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[19] Additionally, a petitioner challenging a state court's factual findings must establish they were erroneous by clear and convincing evidence.[20] Further, a federal habeas court reviewing a state court's rejection on the merits of a claim for relief must focus exclusively on the propriety of the ultimate decision reached and not evaluate the quality of the state court's written opinion supporting its decision.[21] Finally, mere disagreement with a

---

[16] *Bell v. Cone*, 535 U.S. 685, 694 (2002).

[17] *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003).

[18] *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

[19] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[20] *See Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) ("[W]e presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

[21] *See Anderson v. Johnson*, 338 F.3d 382, 390 (5th Cir. 2003)(holding a federal habeas court reviews only a state court's decision and not the opinion explaining that decision); *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (holding a federal court is authorized by § 2254(d) to review only a state court's decision and not the written

state court is not enough; the standard is one of objective reasonableness.[22]

With these principles in mind, the Court turns to Maldonado's claims.

## ANALYSIS

In his petition, Maldonado contends Respondent violated the Due Process Clause and impinged on his vested liberty interest in a properly-calculated parole eligibility date. He additionally argues Respondent violated the Equal Protection Clause because similarly-situated prisoners have had their initial parole eligibility dates calculated in consonance with the applicable Texas statutes. The Texas Court of Criminal Appeals rejected these claims in his state application for a writ of habeas corpus.[23] The United States District Court for the Southern District of Texas examined similar claims brought by Maldonado in a civil rights action and concluded he had not asserted a federal constitutional violation.[24] This Court is compelled to reach the same conclusion.

There is no right to parole for state prisoners in Texas.[25] Accordingly, there is no liberty

---

opinion explaining that decision).

[22] *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

[23] Pet. 3 [Docket No. 3].

[24] *See Maldonado v. Collier*, 266 Fed. App'x 375 (5th Cir. 2008) ("[T]o the extent that Maldonado seeks relief regarding alleged due process violations resulting from the parole review process, the district court did not err in denying his claim. . . . [B]eyond conclusory allegations that similar prisoners have had their initial parole dates properly determined, Maldonado offers no specific facts in support of his assertions and therefore has failed to state a claim under the Equal Protection Clause.").

[25] *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

interest in parole in Texas.[26] Additionally, there is no procedural due process protection for procedures unrelated to a protected liberty interest.[27] "It follows that because [a state prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."[28] Thus, Maldonado may not complain that Respondent violated his federal due process rights.[29] Further, mere conclusory allegations do not raise constitutional issues in habeas proceedings.[30] Maldonado's equal protection challenge fails because he presents no evidence that similarly situated persons received preferential treatment based on a suspect classification.[31] Finally, the court will not grant relief to correct purported errors of state statutory or procedural law because Maldonado has not raised a federal issue. The Court finds, therefore, that Maldonado is not entitled to § 2254 relief because he has not shown that the state court's adjudication of his claims resulted in a decision (1) contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "[i]f it plainly appears from the face of the petition and any exhibit attached thereto

---

[26] *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

[27] *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 and n. 13 (5th Cir. 1997).

[28] *Allison*, 66 F.3d at 73-74 (citation omitted).

[29] *Id.* at 74 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

[30] *Murphy v. Dretke*, 416 F.3d 427, 437 (5th Cir. 2005).

[31] *Frontiero v. Richardson*, 411 U.S. 677, 683 (1973); *Hill v. Estelle*, 537 F.2d 214 (5th Cir.1976).

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[32] The Court concludes that it plainly appears on the face of Maldonado's petition that he is not entitled to relief. The Court must, therefore, summarily dismiss this action under Rule 4.

## EVIDENTIARY HEARING

Section 2254(e)(2) governs whether an evidentiary hearing is warranted. This section provides a district court may hold an evidentiary hearing only when a petitioner has shown his claim relies on a new, retroactive rule of constitutional law that was previously unavailable[33] or on a factual basis that could not have been previously discovered through the exercise of due diligence[34] and the facts underlying the claim show by clear and convincing evidence that but for a constitutional error, no reasonable jury would have convicted the petitioner.[35] Maldonado fails to offer any evidence or argument which justifies an evidentiary hearing on his claims. Accordingly, the Court finds an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act requires a certificate of appealability before an appeal may proceed in this matter.[36] "This is a jurisdictional prerequisite because the

---

[32]  U.S.C.S. § 2254 PROC. R. 4(b) (West 2009).

[33]  28 U.S.C. § 2254(e)(2)(A)(i).

[34]  *Id.* at § 2254(e)(2)(A)(ii).

[35]  *Id.* at § 2254(e)(2)(B).

[36]  28 U.S.C.A. § 2253 (West 2009); *see Hallmark v. Johnson*, 118 F.3d 1073,1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'"[37]

A justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right."[38] This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[39] Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[40] On the other hand, when the Court denies relief based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."[41]

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument.[42] After considering Maldonado's pleadings and the record, the Court concludes that a reasonable jurists would not find the Court's procedural or substantive

---

[37] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

[38] 28 U.S.C.A. § 2253(c)(2).

[39] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).

[40] *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

[41] *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).

[42] *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

rulings debatable; therefore, the Court will not issue a certificate of appealability from its decision.

## CONCLUSION AND ORDERS

After carefully reviewing the petition and record in this cause, the Court concludes Maldonado is not entitled to § 2254 relief. Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Raymundo Maldonado's *pro se* petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254.

2. The Court **DENIES** Maldonado a **CERTIFICATE OF APPEALABILITY**.

3. The Court additionally **DENIES AS MOOT** all pending motions, if any, in this cause.

**SO ORDERED.**

**SIGNED** this **14th** day of **August 2009**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE